BARNS, Justice
(concurs specially with MATHEWS, J.).
Petitioners filed their petition to condemn seven parcels of real estate. The defendants were the owners of the fee and the mortgagee who held a mortgage on each of the seven parcels.
Facts
Each of the mortgage notes and mortgage deeds were payable in monthly installments, each installment including both principal and interest, and each contained express conditions and limitations on the right of the owner to anticipate and prepay the indebtedness, as follows:
“Additional principal amounts may be paid in advance and without penalty on any installment due date. But not more than twenty-five per cent (25%) of the original principal debt, including the installments required hereunder, may be paid in any one loan year. The anticipation of' any such additional principal amouftts shall not decrease the installments maturing thereafter.”
The appellant by his answer and by petition after the award of the jury, sought to have the court adjudicate on the . claim of the creditor-mortgagee as against the debtor-mortgagor, as follows:
*322 “(a) That the liens- of this defendant’s respective mortgages, upon payment into the Registry of this Court of the funds awarded to' thé defendant owners 'for the property condemned, immediately attach to said funds so awarded and that skid funds are substituted for and stand in the place and stead of the real property condemned, as security for the payment and discharge of the real property condemned, as security for the payment-and discharge by the respective defendant owners of their contractual obligations with this defendant mortgagee. .. ...
******
“(c) That this defendant mortgagee is entitled to have- the respective mortgages and notes of the defendant owners satisfied and paid in due course according to, and only according to, the express terms and provisions of said respective ' mortgages and notes. .
“This defendant further prays that this court -by its order make appropriate provi- • sions to protect and secure the liens of this defendant’s respective mortgages and notes upon said funds to be paid into the Registry of this court and upon the respective houses which the several defendant owners are entitled to" receive, remove arid retain, in order that skid funds and houses shall stand and remain as security until said respective1 notes and'mortgages shall have been paid" arid discharged by the several defendant owners, in due course according' to, and-only according to, the express terms and-provisions of said notes and. mortgages.”
After the award of the jury and upon-a hearing of the petition for adjudication of-the rights of the appellant the .Court held that': ‘
“The liens of the several mortgages held by the defendant mortgagee upon payment of the award moneys into .the Registry of-, the Court, the defendant mortgagee upon., payment of the award moneys, into the registry of the court, must make an election to follow' one of two alternative courses, namely, (1) the defendant mortgagee must' elect to receive out of the award moneys in the hands of :the Court'the full principal balances due under the respective promissory notes and mortgages together with unpaid interest thereon computed only to the date this court orders distribution of the award moneys, or (2) the defendant mortgagee must release its lien against the award moneys and permit the entire money awards to be paid to the respective mortgagors, in which event the defendant mortgagees must then and thereafter look solely to the respective mortgagors personally, unsecured by the, condemned property or by-the award moneys, for the payment of the future monthly fixed installments of principal .and interest thereafter falling due.under said promissory notes .and mort-1 gages. * * * ” .
' Thereupon, the creditor:mortgkgee-ap-pellant appealed. and complains that the ruling of'the court as'above stated'
“(a) • Is an unconstitutional alteration,abrogation and violation of the- contractual: obligations' existing between the several: defendant owners and this defendant mort-'' gag.ee as evidenced by the several, notes and ■ mortgages herein involved and violates thei rights guaranteed and protected by Section' 17 of the Declaration of Rights of the ¡ Constitution of Florida and by Article I, Section 10 of the Constitution of" the United States;
“(b) ,Is violative ■-of' the. Fifth', and Fourteenth Amendments .to the Constitution of the United States; and
“(c) Operates to deprive this defendant of his property held as Trustee without due process of law and denies this defendant equal protection of the law.”
The controversy here relates to a conflict of claims by the mortgagor and mortgagee against the compensatory awards to the mortgagor-owners. . The points made by the' assignment of - error’s that have been argued do not relate to the amount of the jury awards to the appellant since these amounts were agreed upon and included attorneys fees for services to the defendant-appellant-mortgagee. ■ The amounts of the jury awards were agreed to by all parties. ■
*323 Conclusion's
. By the condemnation proceedings the plaintiff takes the land free of the appellant’s mortgages. The owners interest has been converted into money and as between the mortgagee and the owner the court will, on equitable principles, treat the money as reconverted into land for the purposes of determining their relative rights.
By the exercise of the sovereign power of eminent domain the owner’s property has been taken from him and he is no longer the owner. The appellant had a lien on the property expropriated but, by the same-judicial proceedings of eminent domain, the appellant has lost the lien on the real property as the owner lost the fee to the realty. The mortgage was given subject to the rights and hazards of the property being taken for a public use. This ■ was a hazard to the mortgagee as well as the fee owner. The exercise of the power of eminent domain does not interfere with the inviolability of contracts. Richmond, F. & P. R. Co. v. Louisa R. Co., 13 How. 71, 14 L.Ed. 55. Even the obligation of a contract is not impaired when it is appropriated for a public use and compensation made therefor: every contract is entered into subject to the right of the State. City of Cincinnati v. Louisville & N. R. Co., 223 U.S. 390, 32 S.Ct. 267, 56 L.Ed. 481. The taker must pay compensation for what is taken and it remains for the court to determine the rights of the former owner and the former mortgagee of the land as between themselves. The status quo has been destroyed, and an equitable adjustment by the court between those affected becomes appropriate.
As to the question “due process” in fixing the compensation by the court, or the form of procedure, all that is essential is that in some appropriate way, before some constituted tribunal, inquiry shall be made as to the amount of compensation; and when this has been provided for there is that due process of law which is required by the Federal Constitution. Backus v. Fort Street Union Depot Co., 169 U.S. 557, 18 S.Ct. 445, 42 L.Ed. 853.
. In . the determination of the relative rights as between the mortgagee ¡and the owner it must ;not be overlooked. that the previous situation was not altered by the action of the owner. If the mortgagee considered that he would suffer- any com-pensable special damages by reason of the proceedings he could have set up his claim against the plaintiff condemnor. He did not do so. By his answer and his petition after verdict he sought to have such speciál damages visited‘upon the innocent co-defendant-owner.
It is our conclusion that as between the appellant-mortgagee and the appellee-owner compensation was fixed by the verdicts of the jury, of which verdict appellant does not complain; that due process has been .satisfied and the errors assigned are not .well founded.
Affirmed: